## KODZOFF v. PAUL et al.

### No. 6698–A.

District Court, Alaska
First Division, Juneau.

Nov. 29, 1952.

William L. Paul, Jr., Juneau, Alaska, for plaintiff.

Faulkner, Banfield & Boochever, Juneau, Alaska, for defendants.

FOLTA, District Judge.

Alleging that as a result of removing a rock wall from plaintiff's property and otherwise disturbing and causing the soil to slough, the defendant has deprived plaintiff's house of support, in consequence of which it has settled and become damaged, the plaintiff seeks to recover damages for these alleged trespasses.

The defendant has raised the issue of title to the area of land involved and also, by way of counterclaims, seeks compensatory and punitive damages for trespasses by the plaintiff alleged to have been committed in connection with his attempt to erect a concrete wall upon defendant's property.

The record title is in the defendants, but the plaintiff claims the land by virtue of adverse possession for the statutory period of 10 years.

The houses of the parties are about 8 feet part and situate upon a slope, with bedrock a foot or two below the surface of the soil. The plaintiff argues that a wall is necessary to the support of his house, but since it appears from the exhibits that the soil has long ago reached the angle of repose, it is not perceived how a wall could contribute to the support of the building. Indeed, an experienced builder testified that the only feasible way of supporting the building is by erecting the foundation on the bedrock directly beneath the building. It would not appear unreasonable, therefore, to infer that the plaintiff's motive for constructing a wall within a foot or so of defendant's house might have been to enclose the area claimed rather than to insure lateral support.

The activities of the workmen recently employed by the defendants to make repairs to the basement of their house and the activities of the plaintiff in attempting to erect a retaining wall within a foot or two and parallel to the side of the defendant's house, furnish the bases for the respective claims of the parties.

Not only is the land in dispute not included in the description of the parcel conveyed by the deed of March 17, 1948, under which plaintiff claims, but it does not appear that the plaintiff's predecessors ever claimed the area or that it was ever enclosed or otherwise dealt with as though it were part of the parcel referred to. Nor did the plaintiff's grantor represent to the plaintiff that the area was claimed by him. These facts are sufficient to preclude the tacking of periods of ad-

verse possession. But other requisites are lacking. To support his claim of adverse possession, plaintiff relies mainly on three items. The first is a rock wall which he asserts was built between the houses by unknown persons in about the year 1932. It appears that it consisted of loose stones resting on the soil. The defendant asserts that no such wall ever existed. Although the plaintiff claims that it was placed there to furnish support for the foundation of his house by retaining the soil, which, as already pointed out, it could hardly do, it would seem to furnish equal support for the inference that it was placed there for the protection of defendant's house. Whatever its purpose was, the showing of its existence at one time is too tenuous to support the present claim to the entire surface.

The second item is a sewer line which had been laid beneath the surface of the area under discussion. Since it was not visible, obviously it is insufficient to meet the requirements of open and notorious user of the land.

The third item is the reply "I take care of my own" by the defendant Sam Paul's father in response to the plaintiff's demand that a new wall be built to furnish support for the plaintiff's house. The plaintiff contends that this statement was made as agent of the defendant named and constituted an admission that the area belonged to the plaintiff. Aside from the lack of evidence of authority in the father to make such an admission, the statement is so laconic and ambiguous as to be equally susceptible of the inference that the father meant that he would take care of his own property but would not construct a wall on it for the benefit of another.

I conclude that the plaintiff has failed to establish any right in the area in dispute by virtue of adverse possession, even if tacking were allowed.

I find that it will cost $175 to remove the forms from the defendant's property, for which, unless the plaintiff removes the said forms by January 1 next, the defendants may have judgment. The plaintiff may also be permanently enjoined from entering upon the property involved, except for the purpose of removing the forms as aforesaid.